STATE OF NORTH CAROLINA

Mecklenburg County

File No.
22 CVS 16092

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**GENERAL CIVIL ACTION COVER SHEET**
☒ INITIAL FILING   ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

Name And Address Of Plaintiff 1
Michael Kernea
67 Bradford Court
Chickamaugo, Georgia 30707

2022 OCT 20 P 2:54

Name And Address Of Plaintiff 2
Christy Kernea
67 Bradford Court
Chickamaugo, Georgia 30707

MECKLENBURG CO., C.S.C.
BY

VERSUS

Name Of Defendant 1
CITY OF CHARLOTTE

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)
James E. Ferguson, II, Ferguson, Chambers & Sumter, PA
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202

Telephone No. 704/375-8461
Cellular Telephone No. 704/593-9154
NC Attorney Bar No. 1434
Attorney E-Mail Address fergietwo@aol.com

☒ Initial Appearance in Case   ☐ Change of Address

Summons Submitted ☒ Yes ☐ No

Name Of Defendant 2
OFFICER LEE LOWERY

Name Of Firm
Ferguson, Chambers & Sumter, PA
FAX No. 980/938-4867

Counsel for
☒ All Plaintiffs  ☐ All Defendants  ☐ Only (list party(ies) represented)

Summons Submitted ☒ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

**TYPE OF PLEADING**

(check all that apply)
☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNJF)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts
(Over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☐ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☐ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☒ Other *(specify and list each separately)*<br>Police Misconduct |

Date: October 20, 2022

Signature Of Attorney/Party: [signed]

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. |
|---|---|
| Mecklenburg County | 22 CVS 16926 |
| | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| MICHAEL KERNEA, CHRISTY KERNEA |
| Address |
| 67 Bradford Court |
| City, State, Zip |
| Chickamaugo, Georgia 30707 |

**CIVIL SUMMONS**

☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| CITY OF CHARLOTTE; OFFICER LEE LOWERY | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| City of Charlotte by serving: Marcus D. Jones, City Manager<br>City of Charlotte - Government Center<br>600 East Fourth Street<br>Charlotte, North Carolina 28202 | Officer Lee Lowery by serving: Marcus D. Jones, City Manager<br>City of Charlotte - Government Center<br>600 East Fourth Street<br>Charlotte, North Carolina 28202 |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| James E. Ferguson, II<br>Ferguson, Chambers & Sumter, PA<br>309 East Morehead Street, Suite 110<br>Charlotte, North Carolina 28202 | 10/20/22 | 2:52 | ☐ AM ☒ PM |
| | Signature<br>*Allwis Hope* | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | |
|---|---|---|---|
| | Signature | | ☐ AM ☐ PM |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | | **RETURN OF SERVICE** | |

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| COUNTY OF MECKLENBURG | SUPERIOR COURT DIVISION |
| | Case No. 22 CVS 16926 |

```
MICHAEL KERNEA,              )
CHRISTY KERNEA,              )
                             )
            Plaintiffs,      )         COMPLAINT
                             )     JURY TRIAL DEMANDED
CITY OF CHARLOTTE,           )
OFFICER LEE LOWERY           )
                             )
            Defendants.      )
```

Plaintiffs, Michael Kernea and Christy Kernea, by and through their undersigned counsel, complaining of the Defendants, allege and say:

## INTRODUCTION

1. Michael Kernea and his wife, Christy Kernea, Plaintiffs, bring this action seeking legal and equitable relief under certain laws of the State of North Carolina, the Common Law of North Carolina, the North Carolina Constitution, 42 U.S.C., Section 1983, 42 U.S.C. Section 1985 and the United States Constitution, from the wrongful acts of Defendant Officer Lee Lowery (hereinafter referred to as "Defendant Lowery") in assaulting and injuring Plaintiff, Michael Kernea, without just cause or provocation, in the presence and sight of his wife, Christy Elouise Kernea. Plaintiff Michael Kernea, has suffered, and continues to suffer, grievous and permanent injury as a result of Defendant Lowery's unprovoked, unjustified, brutal assault upon Plaintiff Michael Kernea. Plaintiff Michael Kernea urther seeks redress for Defendant Lowery bringing false and unfounded criminal charges against Plaintiff Michael Kernea for disorderly conduct and resisting arrest which were resolved in Plaintiff's favor. Defendant Lowery's actions set forth herein were all done in the sight and presence of his wife, Christy Kernea.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to the North Carolina Constitution, Article IV, Section 12 and North Carolina General Statutes, Sections 7A-3, 7A-240 and 7A-243. Plaintiffs herein seek damages in excess of $25,000.00.

3. This Court has subject matter jurisdiction over this lawsuit because Plaintiffs assert claims for relief under Article 1, Section 19 of the North Carolina Constitution and for violation of certain laws of the State of North Carolina. This Court has jurisdiction over the federal claims contained herein under the doctrine of pendent jurisdiction.

4. Venue is proper pursuant to North Carolina General Statutes Sections 1-77 and 1-82, as the assault giving rise to this action took place in Charlotte, Mecklenburg County, North Carolina.

5. This Court has personal jurisdiction over all parties in this action pursuant to North Carolina General Statutes Section 1-75.4.

6. To the extent the Defendants herein may seek to invoke the doctrine of governmental or other immunity in bar of the claims asserted herein, Defendants have waived sovereign or governmental immunity through the purchase of one or more policies of liability insurance pursuant to North Carolina General Statutes Section 153(a)45, by purchasing liability insurance pursuant to North Carolina General Statutes Section 122.8, by participating in a local government risk pool pursuant to North Carolina General Statutes Section 58-23-5, by settling similar claims or actions, and/or by otherwise waiving government or sovereign immunity through their actions.

## PARTIES

7. Plaintiff Michael Kernea and Plaintiff Christy Kernea, at all times relevant to this Complaint, were residents of the State of Tennessee.

8. The City of Charlotte is liable for the actions of Defendant Lowery described herein in that the actions of Defendant Lowery were carried out in the course and scope of his actions as a police officer acting on behalf of the City of Charlotte, North Carolina. Defendant Lowery, at all times relevant to this Complaint, was acting in his capacity as a police officer of the City of Charlotte and as a representative of the City of Charlotte. The City of Charlotte was acting through the individual police officer Lee Lowery referred to herein, whether known or unknown. Defendant Lowery's actions described herein were deliberate, grossly negligent, intentional, malicious, wanton and willful, done with conscious or reckless disregard of the rights of Plaintiffs, or were taken beyond the scope of his lawful authority, piercing any public official immunity that might otherwise shield them from liability from the claims alleged therein.

## FACTS

9. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

10. On or about March 29, 2020, Michael Kernea and his wife, Christy Kernea, were returning from a vacation and arrived at the Charlotte-Douglas Airport at approximately 11 p.m. Upon arrival, they were advised that they had missed their connecting flight home to Tennessee because of a long wait they had on the tarmac in Charlotte, but they were able to schedule another flight home for 7 a.m. the following morning. They arranged for a room at the micro motel in the airport. They left their luggage at the motel and went to the Starbucks in the airport to order food. Since there were no chairs immediately outside the Starbucks, Michaeal Kernea sat on a chair at

the 1897 Restaurant adjacent to the Starbucks and waited for his wife Christy Kernea to come out.

11. Plaintiffs had started walking back to the micro-motel when they heard someone yelling. As the yelling continued, the Plaintiffs stopped and turned around to see what it was all about.

12. Defendant Lowery, wearing his CMPD issued police uniform and body worn camera, walked toward Plaintiff Michael Kernea and accused him of having turned the stool around at the 1897 Restaurant and not returning it to its correct position. Officer Lowery ordered Mr. Kernea to move the stool back. Mr. Kernea refused to move the stool back because he had not moved it from its original location.

13. At this point, Officer Lowery had placed his face within approximately an inch of Mr. Kernea's face. Ms. Kernea walked towards the chair to turn the chair around but was told by Defendant Lowery that she was not going to do Mr. Kernea's "dirty work." Defendant Lowery then again ordered Mr. Kernea to put the chair back. Mr. Kernea again refused to move the chair because he had never moved it from the beginning. Officer Lowery told Mr. Kernea that if he said one more word, he was going to go to jail.

14. At about the same time as he again ordered Mr. Kernea to put the chair back, Officer Lowery drew his fist back and with full force hit Mr. Kernea in the face just below the nose. Officer Lowery then grabbed Mr. Kernea by the waist and threw him to the ground causing Mr. Kernea's face to hit the concrete floor. Mrs. Kernea pleaded with Officer Lowery to be careful as her husband had recently had surgery on his shoulder. Officer Lowery then began to handcuff Mr. Kernea, pulling his arm and pushing his neck. He then handcuffed Mr. Kernea tightly, so much so that the handcuffs began to cut off Mr. Kernea's circulation. Mr. Kernea asked

4

another officer at the scene to loosen the handcuffs.

15. Another officer at the scene stated to Mr. Kernea that things had gone too far. That officer asked Officer Lowery if he had his body cam on. Officer Lowery said yes.

16. Mr. Kernea explained to a police Sergeant at the scene what had happened to him. The officer told Mr. Kernea that they would look at the body camera to determine what had happened. As it turns out, Officer Lowery, contrary to what he said, had not activated his body cam. However, the events of the assault were captured on at least two of the other cameras in the airport.

17. Officer Lowery falsely charged Mr. Kernea with disorderly conduct and resisting arrest.

18. As Mr. Kernea was walking outside the airport, an officer saw that he was limping because his right leg was hurting and swollen. That officer took pictures of Mr. Kernea's leg.

19. Motel personnel assisted Mrs. Kernea with getting transportation to the jail to try to get her husband released. When she arrived at the jail, she had to post a bail of $1,000.00 for Mr. Kernea's release.

20. Mr. Kernea sought medical treatment at Chattanooga Memorial Hospital on March 9, 2020 as a result of his injuries inflicted by Officer Lowery. He experienced back pain, right and left shoulder pain, contusions of his face and his right lower leg. He experienced cervical muscle pain and skin abrasions. As a result of the assault by Officer Lowery, Mr. Kernea had to undergo right rotator cuff repair, subacromial decompression and distal clavicle excision. He underwent physical therapy from November 20, 2020 through January 28, 2021.

21. As a result of being punched in the face by Officer Lowery, Mr. Kernea suffered the loosening of many of his dental crowns and teeth, all of which was exacerbated when he was

thrown to the ground face down. The estimate for repairing his crowns and teeth was between $8,000 and $10,000.00.

22. Mr. Kernea also injured his neck when he was thrown to the ground and he has suffered periodic numbness and pain in both hands.

23. Apart from medical expenses, Mr. Kernea has experienced, and continues to experience, pain and suffering from the injuries inflicted by Officer Lowery. He was unable to engage in his prior occupational activities for a period of time after the assault.

24. All of Defendant Lowery's actions in assaulting, injuring and falsely charging her husband, Plaintiff Michael Kernea, were done in the plain sight and presence of Plaintiff Christy Kernea who also witnessed Plaintiff Michael Kernea's continued pain and suffering.

25. Both Mr. and Mrs. Kernea have experienced great emotional distress, pain and suffering as a result of Officer Lowery's brutal assault on Mr. Kernea. This emotional distress and pain and suffering are continuing and will likely continue far in the future, and likely will be permanent.

## CLAIMS FOR RELIEF

26. Plaintiffs herein re-allege and incorporate by reference all preceding paragraphs of this Complaint.

27. Defendant Officer Lowery, was negligent in that he:

(a) unlawfully initiated needless contact with Plaintiff Michael Kernea and needlessly and brutally assaulted and battered Plaintiff Michael Kernea in the sight and presence of his wife, Christy Kernea;

(b) unlawfully, and without just cause, placed Plaintiff under arrest for disorderly conduct and resisting arrest;

6

(c) unlawfully used excessive and lethal force on Plaintiff Kernea when he knew such force was unlawful.

28. Defendant City of Charlotte, acting through its employees, agents and servants, was negligent in that its officer:

(a) unlawfully initiated needless contact and brutally assaulted Plaintiff Michael Kernea;

(b) unlawfully placed Plaintiff Michael Kernea under arrest for disorderly conduct and resisting arrest; and

(c) unlawfully used excessive and lethal force on Plaintiff Michael Kernea when Officer Lowery knew, or should have known, that such force was unlawful.

29. The City of Charlotte, acting through Officer Lowery, violated its duty to protect citizens, residents, and other persons in the City of Charlotte from danger and injury by police officers.

30. Defendant City of Charlotte violated its duty to protect persons from being unlawfully charged and arrested by police officers of the City of Charlotte.

31. The actions of the City of Charlotte in causing and allowing Plaintiff's injuries by Officer Lowery were grossly negligent, malicious, wanton, willful and/or done with reckless disregard for the rights of others.

32. The actions of Defendant Lowery are imputed to the City of Charlotte under the doctrine of *respondeat superior*.

33. Moreover, the violations of generally accepted law enforcement customs and practice in this situation, including the wrongful and grossly negligent use of excessive force, were direct and foreseeable results of grossly inadequate supervisory and training policies and practices

- 7 -

Case 3:22-cv-00659-RJC-DCK   Document 1-1   Filed 12/08/22   Page 11 of 12

on the part of the City of Charlotte.

34. The negligence and gross negligence of Defendants entitle Plaintiffs to recover compensatory damages for the pain and suffering that they suffered at the hands of Officer Lowery.

35. Defendant City of Charlotte, acting through its police officer, Defendant Lowery, acted with malicious, deliberate, willful, wanton and reckless disregard of the rights and privileges of Plaintiffs, entitling Plaintiffs to recover punitive damages, as well as compensatory damages.

## JURY TRIAL DEMAND

36. Plaintiffs request that all issues be tried before a jury of their peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

(1) A trial by jury;

(2) Compensatory damages in excess of $25,000 for each Plaintiff;

(3) Punitive damages against Defendant Officer Lowery, in his individual capacity;

(4) Costs and expenses in this action; and

(5) Such other and further relief as may be just and appropriate.

This 20th day of October, 2022.

/s/ James E. Ferguson, II
JAMES E. FERGUSON, II
N.C. Bar No. 1434
FERGUSON, CHAMBERS & SUMTER, P.A.
309 East Morehead Street, Suite 100
Charlotte, North Carolina 28202
Telephone: 704/375-8461
Facsimile: 980/938-4867
E-mail: Fergietwo@aol.com

Attorney for Plaintiff