IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:22-cv-00659

| | |
|---|---|
| MICHAEL KERNEA<br>CHRISTY KERNEA<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHARLOTTE,<br>OFFICER LEE LOWERY,<br><br>Defendants. | **ANSWER OF DEFENDANT CITY OF CHARLOTTE**<br><br>(jury trial requested) |

As and for its Answer in this matter, Defendant City of Charlotte, by and through undersigned counsel, hereby response as follows:

1. Answering paragraph 1 of the Complaint, Defendant admits that Plaintiff's Complaint seeks relief for alleged violations of state and federal causes of actions. Defendant denies that defendants violated any of Plaintiff's rights as alleged.

2. Answering paragraph 2 of the Complaint, asserts that no response is required to paragraph 2. To the extent the Court requires a response this admits jurisdiction is proper in the Western District of North Carolina. Any other allegation is denied.

3. Answering paragraph 3 of the Complaint, Defendant admits subject matter jurisdiction is proper based on the alleged violations brought by the Plaintiff.

4. Answering paragraph 4 of the Complaint, Defendant admits venue is proper in the Western District of North Carolina.

5. Answering paragraph 5 of the Complaint, Defendant asserts Plaintiff states a legal conclusion is paragraph 5 which does not require a response. To the extent the Court requires a response, based on information and belief, admit. Defendant reserves the right to contest these allegations.

6. Answering paragraph 6 of the Complaint, Defendant denies the allegations as alleged. Furthermore, to the extent permissible by law, Defendant asserts governmental immunity.

7. Answering paragraph 7 of the Complaint, Defendant assert it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations; therefore, Defendant denies it.

8. Answering paragraph 8 of the Complaint, Defendant admits Defendant Lowery is an employee with the City of Charlotte. Defendant City denies the remained of the allegations in paragraph 8.

## FACTS

9. Defendant reallege and incorporate by reference all preceding paragraphs of this Complaint.

10. Answering paragraph 10 of the Complaint, Defendant admits Plaintiffs were in the Charlotte-Douglas Airport on March 7 and March 8 of 2020. As to the reminder of the allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations; therefore, Defendant denies them.

11. Answering paragraph 11 of the Complaint, Defendant denies this paragraph as alleged.

12. Answering paragraph 12 of the Complaint, Defendant admits Defendant Lowery is an employee of the City of Charlotte and there was an interaction between Plaintiff Michael Kernea and Defendant Lowery. Defendant City denies the remainder of the allegations as asserted.

13. Answering paragraph 13 of the Complaint, Defendant Denies the allegations as asserted. Not waving said denial, Defendant City admits, Defendant Lowery was an employee and there was an interaction between Plaintiff Michael Kernea and Defendant Lowery between March 7th and 8th.

14. Answering paragraph 14 of the Complaint, based on information and belief, Defendant admits Lowery had contact with Plaintiff Michael Kernea. Defendant denies the allegations as stated and description of the incident.

15. Answering paragraph 15 of the Complaint, based on information and belief, Defendant admit paragraph 15.

16. Answering paragraph 16 of the Complaint, Defendant admits the incident was captured on video. Other than expressly admitted, this Defendant does not deny nor admit the alleged violation of body-worn camera policy pursuant to N.C.G.S. §160A-168.

17. Answering paragraph 17 of the Complaint, Defendant admits Plaintiff was criminal charged based on the interactions on the dates referenced above.

18. Answering paragraph 18 of the Complaint, Defendant admits that photographs were taken of Plaintiff and Medic was called to assess Mr. Kernea.

19. Answering paragraph 19 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations; therefore, Defendant denies them.

20. Answering paragraph 20 of the Complaint, based on information and belief, Defendant admits Plaintiff sought medical attention on March 9, 2020. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations; therefore, Defendant denies them.

21. Answering paragraph 21 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations; therefore, Defendant denies them.

22. Answering paragraph 22 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations; therefore, Defendant denies them.

23. Answering paragraph 23 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations; therefore, Defendant denies them.

24. Answering paragraph 24 of the Complaint, Defendant denies the allegations as stated.

25. Answering paragraph 25 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations; therefore, Defendant denies them.

## **CLAIMS FOR RELIEF**

26. Defendant herein re-allege and incorporate by reference all preceding paragraphs of this Answer.

27. The allegations contained in paragraph 27 and its subsections a—c of the Complaint are directed at defendants other than answering Defendant; therefore, no response from Defendant

is necessary. To the extent that the Court determines a response from Defendant is required, Defendant denies the allegations and demands strict proof thereof.

28. Answering paragraph 28 and it's subsections a-c of the Complaint, Defendant denies the allegations as stated.

29. Answering paragraph 29 of the Complaint, Defendant denies the allegations as stated. Furthermore, Defendant City asserts the affirmative defense of public duty doctrine.

30. Answering paragraph 30 of the Complaint, Defendant denies the allegations as stated. Furthermore, Defendant City asserts the affirmative defense of public duty doctrine.

31. Answering paragraph 31 of the Complaint, Defendant denies the allegations as stated.

32. Answering paragraph 32 of the Complaint, Defendant denies the allegations as permissible by controlling law of the cause of action asserted.

33. Answering paragraph 33 of the Complaint, Defendant denies the allegations.

34. Answering paragraph 34 of the Complaint, Defendant denies the allegations as stated.

35. Answering paragraph 35 of the Complaint, Defendant denies the allegations as stated.

## AFFIRMATIVE AND AVOIDANCE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant hereby reserves its right to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Based on information and belief, the actions of the officers on the night in question were supported by probable cause.

3. The conduct of Defendant and the Defendant officers did not breach any duty the Defendants owed to Plaintiff.

4. The Conduct of this Defendant was not the proximate cause of any injuries allegedly suffered by Plaintiff.

5. Plaintiff's conduct contributed to the outcome in this matter. Therefore, Plaintiff's claims are barred by his own contributory negligence.

6. Plaintiff's damages, if any, are barred by her failure to mitigate her damages.

7. Plaintiff's injuries, if any, are the result of intervening, insulating, superseding acts of negligence by Plaintiff or other third parties. Defendant's alleged negligent conduct, which is specifically denied, was secondary and passive to the conduct of Plaintiff or other third parties.

8. Defendant and the defendant officers were acting in an objectively reasonable manner, without malice, and in good faith in accordance with the laws of the United States and the State of North Carolina.

9. The conduct of the CMPD officers and Defendant City of Charlotte was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff.

10. Defendant City of Charlotte is a municipality organized under the laws of the State of North Carolina. As such, Defendant is protected by and hereby asserts governmental and/ or sovereign immunity to the extent permitted by applicable laws as a bar to Plaintiff's claims against Defendant or its employees in their official capacities. Defendant is protected from suit in the event Defendant CMPD officers is/are entitled to official immunity or would be

entitled to official immunity in accordance with Turner v. City of Greenville, 197 N.C. App. 562,677 S.E.2d 480 (2009).

11. To the extent that Plaintiff seeks punitive damages against Defendant, they are barred by law.

12. Defendant asserts that the doctrine of assumption of the risk applies here.

13. Plaintiff's claims against Defendant are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations of awards and caps on recovery.

14. Defendant hereby gives notice that it intends to rely on any other defenses raised by any other defendant in this matter, or any defense that become available or apparent during discovery proceedings. Defendant specifically reserves the right to amend its Answer to further assert additional affirmative defenses.

15. Pursuant to Fed. R. Civ. P. 8, any allegations not expressly admitted, are hereby denied.

This the 14th day of December, 2022

                                                   OFFICE OF THE CITY ATTORNEY

                                                   /s/ Roger A. McCalman
Roger A. McCalman
N.C. Bar # 46243
Assistant City Attorney
Attorney for Defendant City of Charlotte
600 E. Fourth Street, Suite 454
Charlotte, North Carolina 28202-2841
Telephone: (704) 353-0299
Roger.McCalman@charlottenc.gov

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing **DEFENDANT CITY of CHARLOTTE'S ANSWER** was served in this action by depositing a copy of same in the United States mail, postage prepaid, addressed to parties counsel of record:

James E. Ferguson, II
Ferguson, Chambers & Sumter P.A.
309 East Morehead Street, Ste. 100
Charlotte, NC 28202
fergietwo@aol.com
*Attorney for Plaintiff*

Stephanie H. Webster
Cranfill Sumner LLP
P.O. Box 30787
Charlotte, NC 28230
swebster@cshlaw.com
*Attorney for Officer Lowery*

This the 14th day of December, 2022.

/s/ Roger A. McCalman
Roger A. McCalman
N.C. Bar # 46243
Assistant City Attorney
Attorney for Defendant City of Charlotte
600 E. Fourth Street, Suite 454
Charlotte, North Carolina 28202-2841
Telephone: (704) 353-0299
Roger.McCalman@charlottenc.gov