UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00659-RJC

| | |
|---|---|
| MICHAEL KERNEA, and CHRISTY KERNEA, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) **ORDER** |
| CITY OF CHARLOTTE, and LEE LOWERY, | ) ) ) ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendant Lee Lowery's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). (Doc. No. 6).

## I. BACKGROUND

On October 20, 2022, Plaintiffs Michael Kernea and Christy Kernea filed a complaint in Mecklenburg County Superior Court, alleging wrongful acts by Defendant Lee Lowery in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the United States Constitution. (Doc. No. 1-1 at 1). Along with Lowery, the City of Charlotte was also named in the complaint, which arose from an alleged incident at the Charlotte-Douglas Airport: Plaintiffs claim that Lowery, as a police officer for the Charlotte-Mecklenburg Police Department, assaulted and battered Mr. Kernea in the presence of Mrs. Kernea. (Doc. No. 1-1 at 3–6).

On the same day that the complaint was filed, a civil summons issued for the City of Charlotte and Lowery in his official capacity. The summons for Lowery read as follows:

> Officer Lee Lowery by serving: Marcus D. Jones, City Manager
> City of Charlotte – Government Center
> 600 East Fourth Street

1

Charlotte, North Carolina 28202

(Doc. No. 1-1 at 3). No other summons for Lowery issued while the case remained pending in state court.

On December 8, 2022, Lowery removed the case from Mecklenburg County Superior Court to this Court. (Doc. No. 1). Thereafter, on December 15, 2022, a summons issued from this Court's Clerk of Court, with Lowery as the intended recipient. (Doc. No. 5). The summons included Lowery's name and the address of the Charlotte-Mecklenburg Police Department:

> Officer Lee Lowery
> Charlotte Mecklenburg Police Department
> 601 East Trade Street
> Charlotte, North Carolina 28202

(Doc. No. 5) According to a declaration by Lowery, on January 10, 2023, the secretary from the Charlotte-Mecklenburg Police Department Secondary Employment Unit alerted Lowery that he had mail, which he retrieved on January 11, 2023. (Doc. No. 7-1). The mail included a copy of the complaint and a summons from this Court's Clerk of Court. (Doc. No. 7-1).

On January 17, 2023, by special appearance, Lowery filed the instant Motion to Dismiss. (Doc. No. 6). Lowery argues that he never received proper service in his individual capacity and that this case should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). (Doc. No. 6, 7). Plaintiffs urge the Court to deny Lowery's Motion to Dismiss, arguing that Lowery seeks dismissal on "technical grounds" and that the dismissal would require refiling this case, resulting in a waste of time and resources. (Doc. No. 10). For the reasons below, Lowery's Motion to Dismiss is granted, and Plantiffs' complaint is dismissed without prejudice.

II. **Standard of Review**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*,
2

484 U.S. 97, 104 (1987); *see also Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 WL 1456294, *3 (W.D.N.C. Feb. 1, 2023). When a plaintiff cannot demonstrate personal jurisdiction over the defendant, the case must be dismissed. *Stewart v. GM Financial*, No. 319CV00411FDWDCK, 2019 WL 5850425, at *2 (W.D.N.C. Nov. 7, 2019) (citing Fed. R. Civ. P. 12(b)(2)). "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citing *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989)).

Motions to dismiss under Rule 12(b)(4) and Rule 12(b)(5) serve different purposes. A Rule 12(b)(4) motion attacks "the form of the process rather than the manner of the service[,]" while a Rule 12(b)(5) motion "challeng[es] the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright, et al., Federal Practice & Procedure § 1353 (3d ed. April 2023 update). "Where a motion to dismiss is filed based on insufficient process or insufficient service of process pursuant to Rules 12(b)(4) and (5), affidavits and other materials outside the pleadings may be properly submitted and considered." *Washington*, 2023 WL 1456294, at *2 (citing *Michelson v. Miller*, No. 1:19-CV-00311-MR, 2021 WL 4295319, at *1 (W.D.N.C. Sept. 20, 2021)). Plaintiff bears the burden of showing that service of process occurred consistent with the Federal Rules of Civil Procedure. *Mylan Laboratories, Inc. V. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993).

When a defendant receives actual notice of a pending suit against him, the Rules will be construed liberally; however, the Fourth Circuit makes clear that the Federal Rules of Civil Procedure "are there to be followed, and plain requirements . . . may not be ignored." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (internal

quotation marks omitted) (quoting *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

### III. DISCUSSION

Lowery moves to dismiss Plaintiffs' complaint against him in his individual capacity pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. (Doc. No. 6). Specifically, Lowery argues that the Court cannot exercise personal jurisdiction over him in his individual capacity because Plaintiffs failed to issue a summons to him in his individual capacity within the allotted period of time under state law, and thus, that Plaintiffs' complaint abated. (Doc. No. 7). Further, Lowery argues that Plaintiffs' purported service of a summons issued by the Western District of North Carolina Clerk of Court cannot revive the abated complaint, and finally, that Plaintiffs' attempt to serve him at his place of employment failed to effect proper service of process in his individual capacity. (Doc. No. 7 at 1–2). In response, Plaintiffs ask this Court to deny the motion for the sake of efficiency without challenging the validity of Lowery's claims regarding improper service of process. (Doc. No. 10).

### A. Plaintiffs failed to issue a summons in accord with North Carolina procedural requirements.

A defendant must be served in both his individual and official capacities where he faces suit in both capacities. *Allen v. Coffey*, No. 5:20-CV-144-BO, 2021 WL 3684247, at *1 (E.D.N.C. Aug. 18, 2021), *aff'd*, No. 21-1934, 2022 WL 34152 (4th Cir. Jan. 4, 2022) (citing *Richardson v. Roberts*, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019))

"[W]here the plaintiff originally filed suit in North Carolina state court, the North Carolina Rules of Civil Procedure dictate the requirements of service of summons before the case was removed to federal court." *Washington*, 2023 WL 1456294, at *3 (citing *Smith v. UNC Health Care Sys.*, No. 1:20-CV-52, 2021 WL 1146936, at *1 (M.D.N.C. Mar. 25, 2021)).

4

Under the North Carolina Rules of Civil Procedure, a summons must be issued within five days of filing a complaint. N.C. Gen. Stat. § 1A-1, Rule 4(a). "A summons is issued when, after being filled out and dated, it is signed by the officer having authority to do so." N.C. Gen. Stat. § 1A-1, Rule 4(a). "Where a complaint has been filed and a proper summons does not issue within the five days allowed under the rule, the action is deemed never to have commenced." *Stinchcomb v. Presbyterian Med. Care Corp.*, 211 N.C. App. 556, 561, 710 S.E.2d 320, 324 (2011) (quoting *Cnty. of Wayne ex rel. Williams v. Whitley,* 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984)); *see also Chisholm v. Epps*, No. 3:15-CV-291, 2015 WL 7721245, at *2 (W.D.N.C. Nov. 30, 2015). Put another way, "North Carolina law . . . provides that if no summons is issued within five days of the filing of the complaint, the action abates." *Phoenix Colvard Dev. v. Sheldon Good & Co. Int'l, LLC*, No. 5:08-CV-00072, 2009 WL 159412, at *2 (W.D.N.C. Jan. 21, 2009) (first citing *Roshelli v. Sperry,* 57 N.C. App. 305, 308, 291 S.E.2d 355, 357 (1982); and then citing N.C. R. Civ. P. 4(a)).

North Carolina law allows for service of process upon a natural person by the following methods:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and

> complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4. Further, "[s]ervice of process cannot be effected on [a defendant in his] individual capacity by serving at [his] place of employment individuals not authorized to accept service." *Stanley v. Gaston Cnty. Dep't of Health & Hum. Servs.*, No. 3:15-CV-00551-FDW-DCK, 2016 WL 5867431, at *2 (W.D.N.C. Oct. 6, 2016); *see also Stewart*, 2019 WL 5850425, at *7.

Here, Plaintiffs' complaint includes claims against Lowery in both his official and individual capacities. Yet, the documents before this Court show no summons issued to Lowery in his individual capacity. In state court, a summons issued for Lowery in his official capacity when Plaintiffs served Charlotte's City Manager; however, Plaintiffs point to no other attempt at issuing a summons for Lowery while this case remained pending in state court. Because no summons issued for Lowery in his individual capacity within the 5 days prescribed by North Carolina law, the claims against Lowery in his individual capacity abated while before the state court and the action is "deemed never to have commenced." *Stinchcomb*, 211 N.C. App. at 561, 710 S.E.2d at 324 (quoting *Cnty. of Wayne ex rel. Williams*, 72 N.C. App. at 157, 323 S.E.2d at 461). Because the action is "deemed never to have commenced" under State law, Plaintiffs' complaint is dismissed.

### B. Plaintiffs' abated action will not be "revived" in federal court.

Pursuant to 28 U.S.C. § 1448, "[w]hen a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process if, prior to the case's removal, 'service of process has not been perfected prior to removal,' or 'process served proves to be defective.' " *Rice v. Alpha Sec., Inc.*, 556 F. App'x 257, 260 (4th Cir. 2014) (quoting 28 U.S.C. § 1448). Even so, section 1448 cannot resurrect a claim that was "legally dead in state court." *Rice*, 556 Fed. App'x at 260 (quoting *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168 (3d Cir. 1976)). In other words, "a suit that failed to satisfy state procedural obligations cannot be revived by the language of [section] 1448." *Id.*

This case was dead on arrival in federal court and cannot be resurrected. Before Lowery removed the case from state to federal court, it abated under controlling state law. *Stinchcomb*, 211 N.C. App. at 561, 710 S.E.2d at 324 (quoting *Cnty. of Wayne ex rel. Williams*, 72 N.C. App. at 157, 323 S.E.2d at 461; *see also Chisholm*, 2015 WL 7721245, *2. As such, this case is "legally dead in state court." *Rice*, 556 Fed. App'x at 260 (quoting *Witherow*, 530 F.2d at 168). Section 1448 will not revive a "legally dead" claim, and therefore, the claims against Lowery in his individual capacity are properly dismissed. To be sure, North Carolina courts have held that when a plaintiff properly issues a second summons that is properly served on the defendant beyond the 5-day issuance period, but before a motion to dismiss is filed, that is sufficient to revive the complaint. *See Stokes v. Wilson and Redding Law Firm*, 72 N.C. App. 107, 111–12, 323 S.E.2d 470, 474 (1984); *Roshelli*, 57 N.C. App. at 308, 291 S.E.2d at 357. However, that did not occur here. In the present case, as discussed below, defendant never received proper service. Accordingly, the action abated, and the "legally dead" complaint will not be revived.

Lastly, even if Plaintiffs' action did not abate under state law, Plaintiffs' attempted service of process at Lowery's place of work was also defective. As noted above, a defendant must be

7

served in both his individual and official capacities where he faces suit in both capacities. *Allen*, 2021 WL 3684247, at *1 (citing *Richardson*, 355 F. Supp. 3d at 370. In addition, "[s]ervice of process cannot be effected on [a defendant in his] individual capacity by serving at [his] place of employment individuals not authorized to accept service." *Stanley*, 2016 WL 5867431, at *2; *see also Stewart*, 2019 WL 5850425, at *7.

Here, even if the action had not abated under state law or could be revived via section 1448, plaintiffs' purported service of Lowery at his place of work after removal to federal court failed to effect proper service of process. It appears Plaintiffs attempted to serve defendant in his individual capacity by having the summons and complaint delivered to his place of work: A copy of the summons and complaint arrived at the Charlotte-Mecklenburg Police Department, where the secretary in the Secondary Employment Unit intercepted it and notified Lowery. No one at Lowery's workplace was authorized to accept service on his behalf, (Doc. No. 7-1), and serving a person who is unauthorized to receive service at someone's place of work does not complete service of process upon a defendant. *Stewart*, 2019 WL 5850425, at *7. Therefore, Lowery never received proper service of process in his individual capacity, and Plaintiffs' claims against Lowery in his individual capacity are dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. 6), is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED without prejudice**.

The Clerk is respectfully directed to close this case.

Signed: September 28, 2023

Robert J. Conrad, Jr.
United States District Judge