IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-659-RJC-DCK

| | |
|---|---|
| CHRISTY KERNEA and MICHAEL KERNEA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| CITY OF CHARLOTTE, and LEE LOWERY, in his official capacity, | )<br>)<br>) |
| Defendants. | )<br>) |

**ORDER**

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion To Amend Complaint" (Document No. 29) filed November 21, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend with modification, and direct that the pending "Partial Motion For Judgment On The Pleadings" (Document No. 20) be <u>denied</u> as moot.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting leave to amend; therefore, the undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint. The undersigned notes that the Court recently granted the parties "Joint Motion To Extend Deadlines" (Document No. 33) and set the following deadlines: mediation report – **January 15, 2025**; discovery completion – **February 7, 2025**; and dispositive motions – **March 7, 2025**. (Document No. 34).

"Plaintiffs' Motion To Amend Complaint" (Document No. 29) seeks leave "to amend the Complaint to more specifically allege facts which demonstrate that they meet the elements of negligent infliction of emotional distress or intentional infliction of emotional distress. There is no other purpose for this Motion, including delay." (Document No. 30, p. 2). Moreover, Plaintiff acknowledges that this "Court dismissed Officer Lee Lowery in his individual capacity on September 29, 2023." (Document No. 29, p. 1).

Plaintiffs do not appear to argue, or otherwise show any support, for alleging a claim against Lee Lowery in his individual capacity; nevertheless, the proposed Amended Complaint

2

still includes a claim for "[p]unitive damages against Defendant Officer Lowery, in his individual capacity." (Document No. 29-1, p. 10). Based on Defendants' arguments and the record of this case, the undersigned finds that Plaintiff may not file an Amended Complaint reasserting any claims against Defendant Lee Lowery, in his individual capacity. See (Document Nos. 32 and 35).

In addition, the proposed Amended Complaint asserts that "[t]he actions of Defendant Lowery are imputed to the City Of Charlotte under the doctrine of *respondeat superior*." (Document No. 29-1, p.8). Defendant City of Charlotte contends that the doctrine of *respondeat superior* is inapplicable here because "under *Monell*, municipalities are only liable for the alleged constitutional torts of their employees if they were the result of a policy or custom of the municipality." (Document No. 32, p. 3).

Notably, Plaintiffs appear to agree with Defendant City of Charlotte as stated in their response to the "...Partial Motion For Judgment On The Pleadings." In pertinent part, Plaintiffs state the following: "A Section 1983 claim brought pursuant to *Monell* exists independently of any one employee. *Monell* exists precisely because **there is no *respondeat superior* liability under Section 1983**." (Document No 28, p. 4) (emphasis added).

Based on the foregoing, it appears that Plaintiffs must also strike any claims "imputed to the City Of Charlotte under the doctrine of respondeat superior" in an Amended Complaint. See (Document No. 29-1, p. 8). In short, the Court will allow Plaintiffs to file an Amended Complaint that adds factual allegations related to emotional distress claims; however, Plaintiffs shall not include claims that have already been dismissed by this Court or that are based on *respondeat superior*. See (Document No. 17).

Furthermore, the undersigned will direct that "Defendant City Of Charlotte's Partial Motion For Judgment On The Pleadings" (Document No. 20) be denied as moot.

3

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed dispositive motion.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion To Amend Complaint" (Document No. 29) is **GRANTED with modification**.[1]

**IT IS FURTHER ORDERED** that Plaintiffs shall file an Amended Complaint, as allowed herein, on or before **January 10, 2025**.

**IT IS FURTHER ORDERED** that "Defendant City Of Charlotte's Partial Motion For Judgment On The Pleadings" (Document No. 20) is **DENIED AS MOOT**.

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED**.

Signed: December 23, 2024

David C. Keesler
United States Magistrate Judge